ADOLPHO A. BIRCH, JR., J.,
concurring in part and dissenting in part.
I concur in the conclusion of the majority that Ivy’s convictions should be affirmed. As to the sentence of death, however, I respectfully dissent. I continue to adhere to my view that the comparative proportionality review protocol currently embraced by the majority is inadequate to shield defendants from the arbitrary and disproportionate imposition of the death penalty. See State v. Reid, 164 S.W.3d 286, 323-325 (Tenn.2005) (Birch, J., concurring and dissenting), and cases cited therein. Accordingly, I respectfully dissent from that portion of the majority opinion affirming the imposition of the death penalty in this case.

APPENDIX

(Excerpts from the Court of Criminal Appeals’ Decision)
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 2004 Session
STATE OF TENNESSEE v. DAVID IVY
Direct Appeal from the Criminal Court for Shelby County
No. 01-12388 Joseph B. Dailey, Judge
No. W2003-00786-CCA-R3-DD — Filed December 30, 2004
The Appellant, David Ivy, appeals as of right his sentence of death resulting from the June 2001 murder of Lakisha Thomas. On January 10, 2003, a Shelby County jury found Ivy guilty of premeditated first-degree murder. Following a separate sentencing hearing, the jury unanimously found the presence of two statutory aggravating circumstances, ie., Ivy had previously been convicted of a violent felony offense and the murder was committed to avoid prosecution. The jury further determined that these aggravating circumstances outweighed any mitigating circumstances and imposed a sentence of death. The trial court approved the sentencing verdict. Ivy appeals, as of right, presenting for our review the following issues: (1) whether the evidence was sufficient to establish his identity as the perpetrator, (2) whether the trial court improperly permitted hearsay statements of the victim to be admitted into evidence, (3) whether the trial court erred by impaneling an anonymous jury, (4) whether the trial court erred in refusing to permit the defense, during closing argument, to discuss the rationale behind the hearsay exclusion, (5) whether the trial court erred by preventing defense counsel from arguing “residual doubt” as a non-statutory mitigating circumstance, (6) whether the trial court erred by permitting the State to introduce evidence that Ivy had previously been charged with first degree murder, (7) whether the trial court’s instruction that Ivy’s prior offenses were offenses whose statutory elements involved the use of violence violated his right to trial by jury, (8) whether the death penalty imposed in this case violated due process because the indictment failed to allege the aggravators relied upon by the State, (9) whether the trial court erred in refusing to answer the jury’s questions as to the consequences if they were unable to reach an unanimous verdict as to punishment, and (10) whether *160 Tennessee’s death penalty statutory scheme is unconstitutional. Finding no error requiring reversal, we affirm Ivy’s conviction and sentence of death.
Tenn. R.App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed
David G. Hayes, J., delivered the opinion of the court, in which John EveRett Williams, J., and, Alan E. Glenn, J., joined.
W. Mark Ward, Tony N. Brayton, Garland Erguden, Memphis, Tennessee, for the Appellant, David Ivy.
Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; William L. Gibbons, District Attorney General, and Amy Wei-rich, Assistant District Attorney General, and Gerald Hams, Assistant District Attorney General, for the Appellee, State of Tennessee.
OPINION
[Deleted: Factual Background]
I.[Deleted: Sufficiency of the Evidence]
II.[Deleted: Forfeiture of Wrongdoing Hearsay Exception]
III.[Deleted: Anonymous Jury]
IV.Exclusion of “Rationale of Hearsay Exclusion” From Closing Argument at Guilt Phase
During closing argument of the guilt phase, defense counsel attempted to explain to the jury the “suspect” nature of hearsay testimony. The State objected to this line of argument. The trial court advised counsel that it was not proper argument to “get into a legal explanation of those sorts of things and then have the State come back and respond and go back....” The trial court then sustained the State’s objection and instructed defense counsel “to refrain from any sort of history of the hearsay exception.” Appellant now contends that the trial court erred in limiting his closing argument by preventing him from discussing the limitations of hearsay evidence.
Closing argument is a valuable privilege for both parties and the trial courts generally allow wide latitude to counsel in arguing their cases to the jury and will only be reversed upon an abuse of discretion. Terry v. State, 46 S.W.3d 147, 156 (Tenn.2001), cert. denied, 534 U.S. 1023, 122 S.Ct. 553, 151 L.Ed.2d 428 (2001); State v. Bigbee, 885 S.W.2d 797, 809 (Tenn.1994) (citations omitted).
It is settled law in this state that “the courts are the proper source from which [the jury is] to get the law.” Dale v. State, 18 Tenn. 551, 555 (1837). It is the court’s duty to charge the law relative to the case and the jury’s duty to consider the evidence under the law as given by the court. See Cordell v. State, 207 Tenn. 231, 338 S.W.2d 615, 618 (1960); see also Tenn. Const, art. I, sect. 19. It is the function of the trial court, and not that of counsel, to instruct or advise the jury as to matters of law. In the present case, the trial court ruled, out of the presence of the jury, that several statements made by the victim fell within valid exceptions to the hearsay rule and were sufficiently reliable to warrant admission. For defense counsel to argue that hearsay statements are “inherently unreliable” and “easily manufactured” would essentially undermine the rulings of the trial court. Moreover, it is conceivable that statements regarding the nature of hearsay testimony had the potential to confuse the jury. Accordingly, the trial court did not abuse its discretion in prohibiting defense counsel from discussing the basic principles and theories regarding *161 the general exclusion of hearsay testimony. No abuse of discretion is found.
V.[Deleted: Exclusion of “Residual Doubt” From Closing Argument at Penalty Phase]
VI.[Deleted: Admission of Prior Charge of First Degree Murder]
VII.[Deleted: Instruction as to (i)(2) Aggravator]
VIII.Indictment Failed to Charge Capital Offense
Appellant Ivy asserts that “[a]ny fact that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt in order to satisfy the 5th Amendment’s Due Process Clause and the 6th Amendment’s notice and jury trial guarantees.” (citing Jones v. United States, 526 U.S. 227, 248, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)). In this regard, Appellant contends that the indictment against him faded to “include the facts that would qualify the [Appellant] for the death penalty.” Appellant’s argument is based upon the premise that first-degree murder is not a capital offense unless accompanied by aggravating factors. Essentially, Appellant complains that the indictment returned by the grand jury charges non-capital first-degree murder because the grand jury did not find any capital aggravating circumstances. Thus, it appears to this Court that Appellant alleges that to satisfy the requirements of Apprendi v. New Jersey, 530 U.S. at 466, 120 S.Ct. at 2348, the indictment must include language of the statutory aggravating circumstances to elevate the offense to capital murder. This argument has recently been rejected by our supreme court in Holton, 126 S.W.3d at 845. In Holton, our high court explained that “Apprendi applies only to enhancement factors used to impose a sentence above the statutory maximum” and that “the death penalty is within the statutory range of punishment prescribed for first degree murder by the Tennessee General Assembly....” Holton, 126 S.W.3d at 863 (citing State v. Dellinger, 79 S.W.3d 458, 466-67 (Tenn.2002)); see also State v. Odom, 139 [137] S.W.3d 572 (Tenn.2004). The court further emphasized that “Tennessee’s capital sentencing procedures require that a jury, not a judge, make the findings regarding the presence of aggravating circumstances and that the findings must be made beyond a reasonable doubt.” Odom, 139 [137] S.W.3d at 590-91 (citing Holton, 126 S.W.3d at 864; see also TenmCode Ann. § 39 — 13—204(f)(1) (2003)). Appellant Ivy is not entitled to relief on this issue.
IX.Question as to Unanimous Verdict
After three hours of deliberations, the jury submitted several questions to the trial court. The questions were as follows:
1. Re-identifying mitigating circumstances. What will happen if we can’t come to an agreement?
2. What is mitigating?
3. Are we to weigh the testimony, mitigating and aggravating, that was given to determine a guilty verdict now in the sentencing phase? and
4. And are we to weigh the facts from the entire trial to form our opinion for the sentence?
In response to the question ‘What will happen if we can’t come to an agreement?” the trial court reread portions of the jury charge, including
Tennessee law provides that no sentence of death or sentence of imprisonment shall be imposed by a jury but upon unanimous finding that the State has proved beyond a reasonable doubt the *162 existence of one or more statutory aggravating circumstances.
The jury resumed their deliberations, and, three hours later reached its verdict imposing a sentence of death. The Appellant now submits that the trial court erred in failing to give the jury accurate sentencing information as to the consequence of their failure to reach a verdict. He argues that the trial court’s failure to properly respond to the jury’s question “gives rise to a reasonable probability of a coerced verdict.” Contemporaneously, he asks this Court to find section 39 — 13—204(h), Tennessee Code Annotated, unconstitutional in the context of the present case.
The trial court adhered to legislative direction in its instruction to the jury. See Tenn.Code Ann. § 39-13-204(0(1), (2); - 204(g)(1). The trial court further respected the legislature’s admonition contained in section 39-13-204(h), Tennessee Code Annotated, “The judge shall not instruct the jury, nor shall the attorneys be permitted to comment at any time to the jury, on the effect of the jury’s failure to agree on a punishment.” In this regard, we cannot conclude that the trial court erred by refusing to ignore legislative directive.
The Appellant also attacks the failure to fully inform the jury as to the consequences if the jury fails to reach a unanimous verdict as unconstitutional. Relying upon the Sixth, Eight, and Fourteenth Amendments, Appellant argues that by permitting jurors to remain ignorant of the true consequence of their failure to reach a unanimous verdict is misleading and coercive and it causes the jury to arbitrarily arrive at a unanimous verdict in order to avoid the imagined adverse consequences of a failure to agree on punishment. This argument has been previously rejected by our supreme court. See State v. Stevens, 78 S.W.3d 817, 850 (Tenn.2002), cert. denied, 537 U.S. 1115, 123 S.Ct. 873, 154 L.Ed.2d 790 (2003); State v. Vann, 976 S.W.2d 93, 118 (Tenn.1998); State v. Smith, 893 S.W.2d 908, 926 (Tenn.1994). Thus, we find no error.
X. Constitutionality of Tennessee Death Penalty Scheme
The Appellant raises numerous challenges to the constitutionality of Tennessee’s death penalty provisions, including:
1. Tennessee’s death penalty statutes fail to meaningfully narrow the class of death eligible defendants, specifically, the statutory aggravating circumstances set forth in Tennessee Code Annotated section 39-2-203(i)(2), (i)(5), (i)(6), and (i)(7) have been so broadly interpreted whether viewed singly or collectively, fail to provide such a “meaningful basis” for narrowing the population of those convicted of first degree murder to those eligible for the sentence of death. We note that factors, (i)(5) and (7), do not pertain to this case as it was neither relied upon by the State nor found by the jury. Thus, any individual claim with respect to these factors is without merit. See, e.g., State v. Hall, 958 S.W.2d 679, 715 (Tenn.1997), cert. denied, 524 U.S. 941, 118 S.Ct. [2348] 2358 [141 L.Ed.2d 718] (1998); State v. Brimmer, 876 S.W.2d 75, 87 (Tenn.), cert. denied, 513 U.S. 1020, 115 S.Ct. 585, 130 L.Ed.2d 499 (1994). Moreover, the Appellant’s argument has been rejected by our supreme court. See Vann, 976 S.W.2d at 117-118 (Appendix); State v. Keen, 926 S.W.2d 727, 742 (Tenn.1994), cert. denied, 532 U.S. 907, 121 S.Ct. 1233, 149 L.Ed.2d 142 (2001).
2. The death sentence is imposed capriciously and arbitrarily in that
(a) Unlimited discretion is vested in the prosecutor as to whether or not to seek the death penalty. This argument has been rejected. See State v. *163 Hines, 919 S.W.2d 573, 582 (Tenn.1995), cert. denied, 519 U.S. 847, 117 S.Ct. 133, 136 L.Ed.2d 82 (1996).
(b) The death penalty is imposed in a discriminatory manner based upon race, geography, and gender. This argument has been rejected. See Hines, 919 S.W.2d at 582; Brimmer, 876 S.W.2d at 87; Cazes, 875 S.W.2d at 268; State v. Smith, 857 S.W.2d 1, 23 (Tenn.), cert. denied, 510 U.S. 996, 114 S.Ct. 561, 126 L.Ed.2d 461 (1993).
(c) Requiring the jury to agree unanimously to a life verdict violates Mills v. Maryland and McKoy v. North Carolina. This argument has been rejected. See Brimmer, 876 S.W.2d at 87; State v. Thompson, 768 S.W.2d 239, 250 (Tenn.1989); State v. King, 718 S.W.2d 241, 249 (Tenn.1986), superseded by statute as recognized by, State v. Hutchison, 898 S.W.2d 161 (Tenn.1994).
(d) There is a reasonable likelihood that jurors believe they must unanimously agree as to the existence of mitigating circumstances because of the failure to instruct the jury on the meaning and function of mitigating circumstances. This argument has been rejected. See Thompson, 768 S.W.2d at 251-52.
3. Finally, the Appellant raises challenges to the appellate review process in capital cases. It is well-established that the appellate review process in death penalty cases is constitutionally adequate. See Cazes, 875 S.W.2d at 270-71; Harris, 839 S.W.2d at 77. Moreover, the supreme court has held that, “while important as an additional safeguard against arbitrary or capricious sentencing, comparative proportionality review is not constitutionally required.” See State v. Bland, 958 S.W.2d 651, 663 (Tenn.1997), cert. denied, 523 U.S. 1083, 118 S.Ct. 1536, 140 L.Ed.2d 686 (1998).
[XI. Deleted: Sufficiency of the (i)(6) Aggravating Factor]
[XII. Deleted: Review Pursuant to Tenn.Code Ann. § 39-13-206(c) ]
XIII. Conclusion
Having fully reviewed the record and the applicable authority, we affirm the Appellant’s conviction of first degree murder. Additionally, in accordance with the mandate of section 39 — 13—206(c)(1), Tennessee Code Annotated, and the principles adopted in prior decisions of the Tennessee Supreme Court, we have considered the entire record in this cause and find the sentence of death was not imposed in any arbitrary fashion, that the evidence supports, as previously discussed, the jury’s finding of the statutory aggravating circumstances, and that the jury’s finding that the aggravating circumstances outweighed mitigating circumstances beyond a reasonable doubt. Tenn.Code Ann. § 39-13-206(e)(l)(A)(C). A comparative proportionality review, considering both “the nature of the crime and the defendant,” convinces us that the sentence of death is neither excessive nor disproportionate to the penalty imposed in similar cases. Accordingly, we affirm the Appellant’s sentence of death.
David G. Hayes, Judge